UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY M. FABIAN,

    Plaintiff,

v().                                            CASE No. 8:08-CV-1254-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who turned forty-one years old on the day of the administrative hearing and who has the equivalent of a high school education, has worked as a tanning and nail salon owner and a retail salesperson (Tr. 62,

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

452). She filed a claim for Social Security disability benefits, alleging that she became disabled on January 20, 2004, due to fibromyalgia, depression, and pain in her back, neck, legs, and knees (Tr. 68). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "disc bulging and protrusions of the lumbar spine with canal stenosis, fibromyalgia, history of asthma/recurrent bronchitis, irritable bowel syndrome, left knee pain, right shoulder pain, headaches, depression and post traumatic stress disorder" (Tr. 12). The law judge concluded that these impairments restricted the plaintiff to sedentary work with a sit/stand option involving unskilled, routine, repetitive, entry-level, and low-stress tasks with one- to two-step instructions and dealing primarily with things rather than with people (Tr. 16). The law judge also included the additional restrictions of occasional postural limitations, no climbing, no temperature extremes, and no hazards (id.). The law judge determined that these restrictions precluded the plaintiff from returning to her past work (Tr. 18). However, based upon the testimony of a vocational expert, the law judge decided that jobs existed in significant numbers in the national economy that

the plaintiff could perform, such as a surveillance system monitor and scale attendant (Tr. 19). The plaintiff was therefore found not disabled (Tr. 20). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.

III.

The law judge found the plaintiff to have several severe impairments, but determined that the plaintiff has the residual functional capacity to perform a range of sedentary work (Tr. 16). The plaintiff challenges the law judge's decision on three grounds. None of the plaintiff's contentions warrants reversal of the law judge's decision.

A. The plaintiff contends first that the law judge erred in his application of Social Security Ruling 96-2P in his decision (Doc. 24, p. 5). Social Security Ruling 96-2p, 1996 WL 374188 (S.S.A.), sets forth certain rules for determining what weight to give the opinions of treating physicians, and directs administrative decision-makers to explicate the weight given to the treating physicians' opinions. Consistent with this, the Eleventh Circuit has held that the opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists where the doctor's opinions are conclusory, inconsistent with their own medical records, not bolstered by the evidence, or the evidence supports a contrary finding. Id. Further, the law judge must clearly articulate the reasons for

giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. Id.

The plaintiff identifies consultative examiner Dr. Arthur J. Pasach, who saw the plaintiff once on May 31, 2007, as the "treating source" opinion that she contends was not accorded appropriate weight pursuant to Social Security Ruling 96-2p (Doc. 24, pp. 6-8). Obviously, Dr. Pasach is not a treating physician. Accordingly, his opinion does not fall within Social Security Ruling 96-2p, or the similar Eleventh Circuit principles.

In any event, the law judge did not err in his consideration of Dr. Pasach's report. The law judge gave great weight to the record as a whole, including Dr. Pasach's findings, but discounted an accompanying medical source statement form Dr. Pasach had filled out (Tr. 18). Thus, Dr. Pasach checked boxes on the form indicating that the plaintiff was practically unable to function, including that she could sit, stand, or walk for only ten minutes without interruption, and just for a total of one hour each day (Tr. 438).

The law judge gave no weight to the conclusory statements contained on the form. He explained that the "assessment reflects greater limitations than indicated by the body of evidence and appears to be largely

based upon claimant's subjective complaints, of which Dr. Pasach has clearly suggested are related to somatization and extreme pain behaviors" (Tr. 18).

Furthermore, Dr. Pasach, a physical medicine and rehabilitation specialist, appears to base his opinion substantially upon the plaintiff's mental status. Thus, he stated that "[m]ajor depression [is] probably the chief cause of all impairments" (Tr. 442). He also said that treatment is not possible without the attendance of a psychiatrist (Tr. 433). Dr. Pasach's opinion of virtual incapacitation is therefore based substantially, if not primarily, upon the plaintiff's depression, which is a disorder outside the doctor's area of practice.

Moreover, the plaintiff does not seem to agree with Dr. Pasach's opinion that depression is probably the chief cause of all her impairments. The plaintiff does not undergo any treatment from a mental health provider (Tr. 473). And when her mental condition was raised at the hearing, she responded that her pain was why she was there (id.).

The law judge, in short, had an adequate basis for discounting Dr. Pasach's opinion. See Ogranaja v. Commissioner of Social Security, 2006 WL 1526062 at *1-*2 (11th Cir. 2006)(unpub. dec.).

In a related argument, the plaintiff contends that the law judge should have recontacted Dr. Pasach to determine the basis of his opinion (Doc. 24, p. 8). That contention is unpersuasive. Dr. Pasach was simply a consulting physician and did not have a long-term view of the plaintiff. Moreover, the law judge clearly understood Dr. Pasach's opinion; he just did not agree with it based on all the evidence before him. Consequently, this is not a situation where the law judge needed to recontact Dr. Pasach due to gaps in the record. See Gallina v. Commissioner of Social Security, 2006 WL 3028228 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 2005 WL 1414406 (11th Cir. 2005)(unpub. dec.).

B. The plaintiff asserts next that the Commissioner did not consider the plaintiff's condition as a whole (Doc. 24, p. 8). Despite this wording of the issue, the plaintiff does not appear to be arguing that the law judge failed to consider the combined effects of the plaintiff's impairments. If the plaintiff is making such an argument, it is baseless. A reading of the decision demonstrates that the law judge unquestionably considered the combined effects of the plaintiff's impairments (see, e.g., Tr. 11).

The plaintiff argues, more specifically, that the law judge failed to consider the plaintiff's obesity and her mental impairment. These contentions do not warrant reversal.

The plaintiff asserts that the law judge "did not consider the Plaintiff's condition as a whole by failing to find obesity as a severe impairment" (Doc. 24, p. 9). The law judge does not refer to obesity in his decision. This is somewhat understandable since no doctor prior to Dr. Pasach's post-hearing report had even mentioned obesity. The plaintiff's weight (dressed) when she saw Dr. Pasach was 226 pounds at 5' 8" (Tr. 432). Three months earlier at the hearing, the plaintiff said she weighed 206 pounds (Tr. 454). Records before that show her significantly lighter (e.g., Tr. 173, 155 pounds on 8/11/04; Tr. 383, 160 pounds on 4/28/05). Accordingly, the evidence does not demonstrate that the plaintiff was obese for twelve months or more (if obese at all). Furthermore, the plaintiff at the hearing did not assert that her weight was an impairment. Consequently, Dr. Pasach's listing of obesity among eight impairments would reasonably fall under the principle that the law judge is not required to specifically refer to every piece of evidence in his decision. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

In all events, in order to demonstrate reversible error with respect to obesity, the plaintiff must show that she had functional limitations from that condition that were not included in the law judge's determination of the plaintiff's residual functional capacity. It is the functional limitations from an impairment, and not the diagnosis of an impairment, that is determinative in an evaluation of disability. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

The plaintiff does not explicate the limitations she experiences from being 5' 8" and 226 pounds (Doc. 24, p. 9). Importantly, Dr. Pasach, on his medical source statement, did not identify obesity as an impairment that contributed to the plaintiff's inability to work (Tr. 437-42).

Moreover, the law judge concluded that the plaintiff's other impairments restricted her to a limited range of sedentary work (Tr. 16). The plaintiff has not shown that her obesity imposes additional limitations on her ability to work beyond those found by the law judge.

The plaintiff also raises a challenge with respect to the law judge's evaluation of her mental impairment (Doc. 24, pp. 9-10). To the extent the plaintiff contends the law judge's evaluation of her mental impairment was inadequate, that contention is meritless. The law judge found

her to have severe impairments of depression and post traumatic stress disorder, and noted the plaintiff's minimal mental health treatment (Tr. 12, 15-16). The law judge spent over a page discussing the plaintiff's severe mental impairments and resulting limitations (Tr. 15-16). The law judge's determination of the plaintiff's residual functional capacity adequately reflects the finding of a severe mental impairment because the plaintiff was limited to "entry level work with unskilled demands, in a low stress environment, one to two step instructions, routine and repetitive tasks, and work involving things not people" (Tr. 16). Importantly, the plaintiff has not attempted to show in her memorandum that, as a result of a mental impairment, she has greater functional limitations than the law judge found (see Doc. 24, pp. 9-10). And, as indicated, the plaintiff is not even undergoing any formalized mental health care treatment.

The plaintiff also contends that the law judge should have elicited the help of a medical expert to determine the limitations the plaintiff experiences from her psychological impairments (id., p. 10). That contention rings especially hollow in light of the plaintiff's failure to seek mental health treatment. And, as previously pointed out, when the plaintiff was asked about her mental condition at the hearing, she essentially discounted it as a

functional impairment. Under these circumstances, testimony from a medical expert is unwarranted. Moreover, the plaintiff has failed to demonstrate what a medical expert – who would not have examined the plaintiff – would add to the record. Therefore, the law judge did not err because he did not obtain the testimony of a medical expert.

C. In her final argument, the plaintiff contends that the law judge did not properly evaluate the plaintiff's credibility under Social Security Ruling 96-7p (id.). In support of her argument, the plaintiff asserts that the law judge made a conclusory statement regarding her subjective complaints, specifically her headaches and pain (id., p. 12). This argument is without merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, supra, 395 F.3d at 1210. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge

determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination and referred to the regulation and Social Security Rulings governing such determinations (Tr. 16-17), thereby demonstrating that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Importantly, the law judge found that the plaintiff's headaches and back condition are severe impairments (Tr. 12). Moreover, the law judge considered the plaintiff's various complaints and set forth reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 17-18). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had severe restrictions that limited her to some types of sedentary work. The law judge only rejected the allegations of total disability.

Contrary to the plaintiff's contention, the law judge did not "conclude in a single statement that the Plaintiff's allegations are less than

credible without indicating any specific reason or rationale" (Doc. 24, p. 12). Rather, the law judge set forth particular reasons for discounting the plaintiff's subjective complaints.

The law judge noted that the plaintiff worked part-time through April 2005 at Victoria's Secret and sought employment subsequently at two additional retail establishments (Tr. 18). He reasonably concluded that the plaintiff's "continued work activity and her seeking employment certainly negate her contention of total disability" (id.). He also pointed to the report of Dr. Pasach, which he reasonably interpreted as suggesting "somatization and exaggerated pain behaviors" (id.). In addition, he specifically referred to Dr. Henry W. Hanff, a treating orthopedic specialist, who opined that the plaintiff could perform sedentary work (see Tr. 373, 375, 376, 378; but see Tr. 369).

Also, the law judge noted that the plaintiff's "treatment remains largely conservative" (Tr. 13). He pointed out that the plaintiff has not required extensive treatment or hospitalization for several impairments, including headaches (id.). Regarding the plaintiff's back, he considered test results, which did not reflect a debilitating condition (id.). The law judge also

considered her positive response to medication and other treatment (Tr. 13-15).

The law judge, therefore, in making his credibility determination, applied the proper legal standard and provided adequate reasons for the determination. The plaintiff certainly has not demonstrated that the evidence compels a contrary result. Adefemi v. Ashcroft, supra. In fact, the plaintiff on this issue has not cited any medical evidence in the record (see Doc. 24, pp. 10-12).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 18th day of September, 2009.

/s/ Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE